Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-12-00292-CR

Imelda **RENDON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR11135
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  July 18, 2012

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence on January 25, 2012.  A motion for new trial was therefore due on or before February 24, 2012.  *See* TEX. R. APP. P. 21.4(a).  However, appellant did not file a motion for new trial until February 28, 2012.  Because appellant did not timely file a motion for new trial, the deadline for filing a notice of appeal was February 24, 2012.  *See* TEX. R. APP. P. 26.2(a)(1).  A notice of appeal was not filed until May 9, 2012, and appellant did not file a motion for extension of time to file a notice of appeal, and the time for doing so has

expired. Even if appellant's motion for new trial had been timely, the notice of appeal would have been due April 24, 2012, but as we stated, it was not filed until May 9, 2012.

Based on the foregoing, on May 16, 2012, we issued an order advising appellant that his notice of appeal appeared to be untimely and advising him to show cause on or before June 15, 2012, why this appeal should not be dismissed for want of jurisdiction. We further advised appellant that if he failed to satisfactorily respond by June 15, 2012, we would dismiss the appeal for want of jurisdiction.

Appellant filed a response on May 22, 2012. In her response, appellant contends she timely filed a motion for new trial and a notice of appeal. Appellant's contention is based on an ex parte letter her counsel "faxed" to the trial judge on February 17, 2012, in which he explained the potential grounds for appeal. Counsel asked the judge to consider the letter as a request for a motion for new trial and, alternatively, a notice of appeal. The letter, however, was not filed with the trial court clerk as required by Rule 25.2(c)(1) of the Texas Rules of Appellate Procedure, and although it is dated February 17, 2012, it contains no file stamp to indicate the actual date of filing. *See* TEX. R. APP. P. 25.2(c)(1). We recognize that appellant caused to be filed a supplemental clerk's record containing the letter allegedly "faxed" to the trial judge in February. However, the file stamp date on the letter is May 23, 2012, and therefore this file-stamped copy was not timely filed with the trial court clerk.

We requested that the State file a reply to appellant's response to our show cause order. The State filed its response on July 5, 2012, after obtaining an extension of time. In the response, the State points out that the letter relied upon by appellant does not appear in the original official clerk's record in this case, and other than the date at the top of the letter, and the file-stamp date on the untimely copy in the supplemental clerk's record, gives no indication as to

when and if it was ever actually delivered to the court. It certainly does not contain a file stamp indicating it was timely filed with the trial court clerk per the requirements of Rule 25.2(c)(1).

We agree with the State's position that no timely notice of appeal was filed by appellant. The February 17, 2012 letter was not filed with the trial court clerk, and there is no official proof of the date it was faxed. Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for want of jurisdiction.


PER CURIAM

DO NOT PUBLISH